[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
From 1983 to 1989 the plaintiff owned and operated a beauty salon at premises which it leased in the Town of Farmington. Defendant Stanley Skiba operated a laundromat CT Page 4676 adjacent to the plaintiff's premises.
In April of 1989 a water main broke in the premises of the defendant which caused flooding and damage to the plaintiff's premises. Said flooding was caused by the negligence of said defendant. Thus, the issue to be determined is the amount of the plaintiff's damages.
In 1988, prior to the flooding, the plaintiff was the owner and operator of three beauty salons: one in Enfield, one in East Hartford, and the subject premises in Farmington. The plaintiff had entered negotiations to sell these three salons to one Jonathan Bloomberg and his partner on the following terms:
 $150,000 for the Enfield salon $ 75,000 for the East Hartford salon $ 75,000 for the Farmington salon
As part of the negotiations it was agreed that the plaintiff would seek extension of its lease which the Bloomberg partnership would assume. Also, as part of the negotiations it was agreed that the plaintiff would sign a covenant not to compete in regard to all three salons. Because of the flooding, Bloomberg refused to purchase the Farmington business. Furthermore, he refused to purchase the Enfield and East Hartford businesses unless the plaintiff signed a covenant not to compete in regard to all three businesses (including the one in Farmington). Thus, when the closing took place, the plaintiff received only $10,000 in return for its covenant not to compete in regard to the Farmington business. Since Bloomberg refused to purchase the Farmington business, Bloomberg was not obligated to assume the extended lease. Thus, the plaintiff was sued by the lessor for failing to pay rent, and it became obligated (by way of settlement) to pay $6,500 for the remainder of the lease.
The court believes that, as a result of the flooding, the value of the plaintiff's business was reduced by $65,000. There was sufficient evidence that the fair market value of the Farmington business prior to the flood was $75,000. However, the plaintiff lost $65,000 on the sale that it would have received if the flood had not occurred.
Accordingly, the plaintiff's damages are found to be as follows:
Loss on sale of business $65,000.00 CT Page 4677
8% interest 7,770.00
 Amount owed on remainder of lease 5,600.00 ---------- $78,370.00 Less amount paid by insurance company 24,375.00 ---------- $53,995.00
to the Farmington business. Since Bloomberg refused to purchase the Farmington business, Bloomberg was not obligated to assume the extended lease. Thus, the plaintiff was sued by the lessor for failing to pay rent, and it became obligated (by way of settlement) to pay $6,500 for the remainder of the lease.
The court believes that, as a result of the flooding, the value of the plaintiff's business was reduced by $65,000. There was sufficient evidence that the fair market value of the Farmington business prior to the flood was $75,000. However, the plaintiff lost $65,000 on the sale that it would have received if the flood had not occurred.
Accordingly, the plaintiff's damages are found to be as follows:
Loss on sale of business $65,000.00
8% interest 7,770.00
 Amount owed on remainder of lease 5,600.00 ---------- $78,370.00 Less amount paid by insurance company 24,375.00 ---------- $53,995.00
Judgment may enter for the plaintiff against defendant Stanley F. Skiba for $53,995.00, plus costs.
ALLEN, J. CT Page 4678